IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Philip Glymph, #306151, | ) | C/A No.: 1:11-1436-RMG-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Warden, Turbeville Correctional | ) | |
| Institution, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Philip Glymph is an inmate at the Turbeville Correctional Institution of

the South Carolina Department of Corrections. He filed this pro se petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to

28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and

Recommendation on Respondent's motion for summary judgment and return. [Entry #16,

#17]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised

Petitioner of the summary judgment and dismissal procedures and the possible

consequences if he failed to respond adequately to Respondent's motion by November

21, 2011. [Entry #18]. Petitioner filed a response on November 8, 2011. [Entry #20].

Having carefully considered the parties' submissions and the record in this case, the

undersigned recommends that Respondent's motion for summary judgment be granted.

I.      Procedural Background

Petitioner was indicted by the Richland County grand jury on the following eight

counts: (1) in January 2004 on five counts of distribution of crack cocaine, third offense

or more [Entry #17-3 at 89–96, 99–100]; (2) in February 2004 on one other count of distribution of crack cocaine [Entry # 17-3 at 97–98]; and (3) in October 2004 for two counts of possession with intent to distribute crack cocaine [Entry #17-3 at 85–87]. Petitioner was represented by Kana Rahman, Esq. and proceeded to trial on November 17, 2004 before the Honorable Clifton Newman. [Entry #17-1 at 3–120, #17-2 at 1–61]. The state presented seven witnesses before adjourning for the day. The following day, November 18, 2004, Petitioner opted to stop the trial and plead guilty to each of the eight charges. [Entry # 17-2 at 61]. Judge Newman sentenced him to concurrent 10-year terms on each of the charges. [Entry #17-3 at 14]. Petitioner did not appeal his plea or sentence.

Petitioner filed a pro se application for post-conviction relief (PCR) on October 26, 2005, in which he alleged ineffective assistance of counsel, involuntary guilty plea and subject matter jurisdiction. [Entry #17-3 at 16–32]. A PCR evidentiary hearing was held before the Honorable J. Michelle Childs on June 5, 2007, at which Petitioner and his counsel, Charles T. Brooks, III, appeared. [Entry #17-3 at 40–71]. On June 19, 2007, Judge Childs entered an order of dismissal. [Entry #17-3 at 78–84]. On June 28, 2007, PCR counsel filed and served a notice of appeal. [Entry #17-4].

Appellate Defender Eleanor Duffy Cleary of the South Carolina Office of Indigent Defense, Division of Appellate Defense, represented Petitioner on appeal. Counsel filed a *Johnson* Petition for Writ of Certiorari in the Supreme Court of South Carolina on February 7, 2008, and raised the following issue: "Whether counsel was ineffective for advising petitioner he would be eligible for parole after serving one-third of his ten-year

sentence for distribution of crack cocaine where petitioner pled guilty in reliance on the error?" [Entry # 17-9 at 3]. Counsel also petitioned to be relieved of the appointment as, "[i]n her opinion seeking certiorari from the order of dismissal [was] without merit." *Id.* at 8.

On July 11, 2008, the Supreme Court of South Carolina transferred the appeal to the South Carolina Court of Appeals. [Entry #17-12]. The Court of Appeals denied the petition on June 2, 2009 and granted counsel's motion to be relieved of appointment. [Entry #17-13]. The remittitur issued on June 18, 2009. [Entry #17-14].

Petitioner filed a second PCR application on December 2, 2008, in which he asserted "after discovered evidence" and actual innocence claims, in particular that he did not receive notice of the charges against him, constructive amendment of the indictment, double jeopardy violations, and involuntary plea. [Entry #17-15]. On August 21, 2009, the Honorable James R. Barber, III, issued a conditional order of dismissal. [Entry #17-17]. Petitioner responded to the order on September 2, 2009. [Entry #17-18]. After holding a hearing on November 2, 2009, the Honorable G. Thomas Cooper, Jr. issued the final order on February 2, 2010, dismissing the action as successive and untimely. [Entry #17-21].

Petitioner filed a notice of appeal on March 5, 2010. [Entry #17-22]. The Supreme Court of South Carolina dismissed the appeal on September 2, 2010. [Entry #17-24]. The remittitur issued on September 20, 2010. [Entry #17-25].

Petitioner filed a third PCR application on September 22, 2010, in which he asserted the following claims: (a) Ineffective Assistance of Counsel; (b) Subject Matter Jurisdiction; and (c) Involuntary Guilty Plea. [Entry #17-26]. According to Richland County Public Index search, a conditional order of dismissal issued on April 11, 2012.

Meanwhile, on June 13, 2011, Petitioner filed this federal petition for a writ of habeas corpus. [Entry #1].

II.      Discussion

    A.      Federal Habeas Issues

Petitioner states the following four grounds in his habeas petition:

**Ground One:**      Ineffective Assistance of Counsel, Petitioner Who enters Plea on the advice of counsel.

        Supporting Facts: The Petitioner asserts that the safely guarded sixth and fourteenth amendments' rights of procedural due process was violated. Counsel fail to give a proper notice, to Petitioner that he did not receive "Real Notice" of the true nature of the charges that were made against him; (B) During the state's Presentment of evidence, it committed constructive amendment; and, (C) the double Jeopardy Clause Prohibits Courts from Punishing Petitioner twice for the same offenses.

**Ground Two:**      Involuntary Guilty Plea; Counsel Coerce the Petitioner to take a guilty, and fail to Protected his right.

        Supporting Facts: Counsel's duty extends beyond the mere scope of effective assistance, Counsel "must" insure that the Petitioners Constitutional right are Protected and in no way Placed in Jeopardy by erroneous conduct by counsel, due process and fail to investigation the evidence of Record. The Plea was entered involuntarily; unintelligently, counsel force the Petitioner into Plea, because he did not have the balance of the money to representation.

**Ground Three:**    Subject Matter Jurisdiction, Petitioners Counsel failed to object to the Amendment of the indictment at Hearing.

Supporting Facts: The Amendment to the indictment from first offense to second offense significantly "changed the nature of the offense charged." The sentence exceeded the statutory maximum permissible by law and trial counsel was ineffective for failing to object to improper sentencing at the time of it imposition. Petitioners counsel failed to objection, to Warrant defect on each one faces.

**Ground Four:**    Search Warrant was invalid and Counsel failed to receive Valid Search Warrant. 2005-CP-40-5544.

Supporting Facts: The indictment was insufficient and Defective where the indictment fail to state the quantity of drug allegedly sold; the Petitioners Right to (4th) Amendment Right against Illegal Search and Seizure were violated and the Court lacked jurisdiction to accept his Guilty Plea, Involuntary an enhanced sentence is Required for a second offender or if, in the case of a first conviction of a violation of this section, The Marijuanas of 1979, were not conviction relating to a narcotic drug and should not use as second offense.

[Entry #1 at 5–10].

B.    Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a

movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

C.     Habeas Corpus Standard of Review

1.     Generally

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

2.     Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions.  28 U.S.C. § 2254.  This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner

present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

a.     Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)     (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—
>
> > (A)     the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)     (i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State,* 653 S.E.2d 266 (S.C. 2007).[1] Furthermore, strict time deadlines govern

---

[1]In *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a

direct appeal and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, regardless of whether the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983)*; Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977).

b.     Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533

---

motion pursuant to Rule 59(e), SCRCP, as a procedural bar.  Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

(1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 23, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has

procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Matthews v. Evatt*, 105 F.3d at 915 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

### 3. Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor that hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.* Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

4.     Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, a petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1985). Petitioner bears the burden of proving an error and prejudice in his ineffective assistance of counsel claim. *Id.*

D.     Analysis

1.     AEDPA's Statute of Limitations

Respondent's first ground for dismissal of this Petition is that it was not timely filed under the one-year statute of limitations created by the AEDPA. As discussed briefly above, the AEDPA became effective on April 24, 1996 and substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute provides:

(d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A)     **the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review**;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws

of the United States is removed, if the applicant was
prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was
initially recognized by the Supreme Court, if the right has
been newly recognized by the Supreme Court and made
retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims
presented could have been discovered through the exercise of
due diligence.

(2)  **The time during which a properly filed application for State
post-conviction or other collateral review with respect to the pertinent
judgment or claim is pending shall not be counted toward any period
of limitation under this subsection**.

28 U.S.C. § 2244(d) (emphasis added).  Subsection (d)(1)(A) provides that the one-year

statute of limitations begins to run on the date the petitioner's conviction becomes final,

not after collateral review is completed. *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th

Cir. 2000). In South Carolina, a defendant must file a notice of appeal within ten days of

his conviction. Rule 203(b)(2), SCACR. Thus if a defendant does not file a direct appeal,

his conviction becomes final ten days after the adjudication of guilt. *Crawley v. Catoe*,

257 F.3d 395, 398 (4th Cir. 2001). If a defendant files a direct appeal and his conviction

is affirmed, the conviction becomes final 90 days after the final ruling of the South

Carolina Supreme Court. *Harris*, 209 F.3d at 328, n.1 (noting conviction becomes final

on the expiration of the 90-day period to seek review by the United States Supreme

Court).

The statute of limitations is tolled during the period that "a properly filed

application for State post-conviction or other collateral review with respect to the

14

pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the state post-conviction process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." *Taylor v. Lee,* 186 F.3d 557, 561 (4th Cir. 1999). "Following the denial of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled." *Crawley v. Catoe,* 258 F.3d at 399.

A state collateral proceeding must be "properly filed" for the statutory tolling provisions of 28 U.S.C. § 2244(d)(2) to apply. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (footnote omitted). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)). Generally, federal courts use Federal Rule of Civil Procedure 6(a) in computing periods of time under 28 U.S.C. § 2244(d)(2). *Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000).

In 2000, the Fourth Circuit held that the AEDPA's statute of limitations is not jurisdictional, but subject to the doctrine of equitable tolling. The court found that

equitable tolling applies only in "those rare instances where—due to circumstances external to the [Petitioner's] own conduct—it would be unconscionable to enforce the limitation against the [Petitioner]." *Harris*, 209 F.3d at 330. In 2010, the United States Supreme Court squarely considered the issue and also held that § 2244 "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010); *cf. Pace v. DiGuglielmo*, 544 U.S. at 418 n.8 (noting Court assumed without deciding that AEDPA's statute of limitations could be equitably tolled for purposes of that decision because respondent assumed it did). The *Holland* Court reiterated its prior holding in *Pace* that the statute would be equitable tolled "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (*quoting Pace*, 544 U.S. at 418)).

Under § 2244(d), the state bears the burden of asserting the statute of limitations. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002). Petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the doctrine of equitable tolling. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

2.     Petitioner Did Not Timely File His Federal Petition

The undersigned finds Petitioner did not timely file his petition in this matter. He pleaded guilty and was sentenced on November 18, 2004. [Entry # 17-2 at 61]. At that point, Petitioner had ten days in which to file a notice of appeal, but he failed to do so. *See* Rule 203(b)(2), SCACR ("After a plea or trial resulting in conviction or a proceeding

16

resulting in revocation of probation, a notice of appeal shall be served on all respondents within ten (10) days after the sentence is imposed."). Accordingly, Petitioner's one-year statute of limitations period began running on November 29, 2004, the first day following the expiration of Petitioner's ten-day window of appeal.

After 331 of the 365 days had run, Petitioner filed his first PCR action on October 26, 2005. The statute of limitations period remain tolled until the remittitur in the PCR appeal issued on June 18, 2009. Petitioner had 34 days left within which to timely file. *See Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000) ("the AEDPA provides that upon conclusion of direct review of a judgment of conviction, the one-year period within which to file a federal habeas petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are pending in any state court"). However, Petitioner waited to file his federal habeas petition until June 10, 2011, over two years late.

Although Petitioner filed a second PCR action on December 2, 2008, it was dismissed as successive and untimely, and therefore it did not toll the limitations period. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2).").

3.      Petitioner Has Not Demonstrated Entitlement to Equitable Tolling.

To benefit from the doctrine of equitable tolling, Petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

17

stood in his way' and prevented timely filing." *Holland* at 2562 (quoting *Pace*, 544 U.S. at 418); s*ee also Rouse*, 339 F.3d at 246 (holding that, for equitable tolling to apply, petitioner must show that there was 1) an "'extraordinary circumstance,' 2) beyond his control or external to his own conduct, 3) that prevented him from filing on time.").

        a.        Petitioner Has Not Demonstrated Reasonable Diligence

The undersigned is of the opinion that Petitioner's untimely filing should not be excused by equitable tolling under *Holland's* two-pronged test. First, Petitioner has not demonstrated he was reasonably diligent in pursuing his rights below. Petitioner has not presented any facts to demonstrate that he acted diligently in pursuing this remedy. Accordingly, the undersigned is of the opinion that Petitioner has not satisfied the first-prong of *Holland's* two-pronged test for equitable tolling. *Holland* requires a petitioner to establish both prongs of the test to show entitlement to equitable tolling, so the court could end its analysis here.

        b.        Petitioner Has Not Demonstrated Extraordinary Circumstance

Independently, the undersigned opines that Petitioner cannot satisfy the second prong of the test because he has not set forth facts that could demonstrate an "extraordinary circumstance" kept him from timely filing this action. Petitioner has not presented any facts sufficient to permit a finding of an extraordinary circumstance that could entitle Petitioner to equitably toll the AEDPA's statute of limitations.

Accordingly, the undersigned is of the opinion that the Petition should be dismissed on statute-of-limitations grounds. The filing was untimely, and Petitioner has

not presented facts sufficient to support his argument that the limitations period should be equitably tolled. *See Harris*, 209 F.3d at 330 (noting petitioner has burden of showing equitable tolling). The undersigned recommends that Respondent's motion for summary judgment be granted.

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that Respondent's motion for summary judgment be granted and the petition be dismissed with prejudice.

IT IS SO RECOMMENDED.

Shiva V. Hodges

May 8, 2012                                          Shiva V. Hodges
Columbia, South Carolina                   United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).